

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 3, 2022

Via ECF
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007



Re:  *Knight First Amendment Institute at Columbia Univ. v. U.S. Dep't of State et al.*,
     22 Civ. 3003 (KPF)

Dear Judge Failla:

This Office represents defendants the U.S. Department of State ("State"), the U.S. Department of Homeland Security ("DHS"), and the Office of the Director of National Intelligence ("ODNI"; collectively with State and DHS, "Defendants" or the "Agencies"), in the above-referenced case brought by plaintiff Knight First Amendment Institute at Columbia University ("Plaintiff") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

I write respectfully on behalf of both parties to request a one-month adjournment of the initial pre-trial conference scheduled for August 10, 2022, at 10:30 a.m., pursuant to the Court's order dated May 9, 2022, Dkt. No. 16.

Initially, because this is an action brought pursuant to FOIA, which in essence seeks review of agency action, the parties respectfully submit that pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(i) and 26(f), this action is exempt from initial disclosures and the 26(f) conference and report. In addition, the parties understand that pursuant to Local Civil Rule 16.1, this FOIA action is exempt from the requirement of a mandatory scheduling order under Fed. R. Civ. P. 16(b). Accordingly, the parties respectfully request to be relieved from the obligation under the Court's May 9, 2022, order to provide a case management plan in this matter, which we understand to be designed to fulfill that requirement. Moreover, the parties respectfully submit that such a scheduling order is unnecessary because the parties expect that this matter, like most FOIA matters, will be resolved either consensually by the parties or through motions for summary judgment. *See Wood v. FBI*, 432 F.3d 78, 85 (2d Cir. 2005); *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).[1]

---

[1] The parties are in agreement that a discovery order is unnecessary at this time. Plaintiff asserts that a discovery order would be unhelpful at this time because Plaintiff is not yet in a position to determine whether to seek discovery. Defendants assert that discovery is "generally not allowed in FOIA proceedings," *Pinson v. DOJ*, 55 F. Supp. 3d 80, 82 (D.D.C. 2014); discovery may be

One issue that the Court's Civil Case Management Plan and Scheduling Order addresses that does not relate to a discovery schedule is whether the parties consent to conducting all further proceedings before a U.S. Magistrate Judge.  The parties do not so consent.

Counsel for the parties have conferred a number of times since the filing of this action about the scope of the FOIA request at issue, Plaintiff's requested prioritization of records, and the Agencies' search and review efforts.

At this time, the Agencies' search for and review of records potentially responsive to the FOIA request are ongoing.  Defendants anticipate that two of the Agencies, State and ODNI, will review initial sets of records and provide responses by August 15, 2022.  These initial responses will include (i) a response with respect to the record requested in Item 1 of Plaintiff's FOIA request, the report ordered in Section 3 of President Biden's Proclamation entitled Ending Discriminatory Bans on Entry to the United States, Proclamation No. 10141, 86 Fed. Reg. 7,005 (Jan. 20, 2021), and (ii) partial responses by State and ODNI with respect to the records requested in Item 2 of Plaintiff's FOIA request that date from after October 8, 2021, as discussed by the parties.  The Agencies' responses will include any non-exempt portions of the responsive records reviewed and, to the extent the Agencies withhold any responsive records in full or in part, the identification of FOIA exemptions on which the Agencies intend to rely for those withholdings, without prejudice to the Agencies' ability to assert additional exemptions at the time of summary judgment briefing.  The Agencies will otherwise continue to review and make determinations concerning records potentially responsive to the request.

The parties anticipate that the Agencies' initial responses, and the continuing progress of the Agencies' review, will permit the parties to confer about narrowing the Agencies' further review of records responsive to the request.  At that time, the parties will be better positioned to discuss a proposed schedule for further review of records.

The parties thus respectfully request that the Court adjourn the initial conference until a date convenient to the Court after September 12, 2022.  The parties respectfully propose to file the materials required by the Court's order dated May 9, 2022 (other than the case management plan, for the reasons set forth above), by a date one week prior to the adjourned conference date.

This is the parties' first request to adjourn the initial conference.  Thank you for your consideration of this matter.

---

ordered only after the completion of summary judgment briefing, and only then if the Court concludes that the agency's submissions are "inadequate" to satisfy its burden or the plaintiff "make[s] a showing of bad faith," *Carney*, 19 F.3d at 812-13.

Page 3

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:    /s/ Samuel Dolinger
SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
samuel.dolinger@usdoj.gov

cc: Counsel of record (via ECF)

The Court is in receipt of the parties' above letter.  For the reasons
stated above, the initial pretrial conference in this matter is hereby
ADJOURNED to **September 28, 2022, at 12:00 p.m.**  The parties are
relieved of their obligation to submit a proposed case management plan
prior to the conference.

The Clerk of Court is directed to terminate the motion at docket entry
20.

Dated:  August 4, 2022            SO ORDERED.
        New York, New York

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE